**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TERRANCE WILLIAMS,**                                                         **PETITIONER**

**V.**                    **NO. 4:04CV248-D-B**

**JODY BRADLEY, ET AL,**                                                     **RESPONDENTS**

## O P I N I O N

This cause comes before the court on the petition of Terrance Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, in accordance with his plea of guilty, on November 24, 1997, in the Circuit Court of Washington County, Mississippi, of receiving stolen property. He further states that he was sentenced to "20 years + 10 years."

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
>     (A) the date on which the judgment became
> final by the conclusion of direct review
> or the expiration of the time for seeking
> such review;
>     (B) the date on which the impediment to
> filing an application created by State
> action in violation of the Constitution
> or laws of the United States is removed,
> if the applicant was prevented from filing
> such State action;
>     (C) the date on which the constitutional
> right asserted was initially recognized by
> the Supreme Court, if the right has been
> newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. Denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); *se also, Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

Petitioner's record of conviction reflects that he pled guilty to four charges of receiving stolen property and was sentenced on November 26, 1997, to serve consecutive terms of five years on each count. There is no direct appeal from a guilty plea under Mississippi law. *See* Miss. Code Ann. § 99-35-101. Hence, petitioner's judgment became final on December 26, 1997, 30 days after he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).[1] Consequently,

---

[1] The Mississippi State Court allows one exception to the statutory prohibition to direct appeals from guilty pleas: an appeal from a guilty plea within 30 days may be taken when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977). Petitioner did not file such an appeal.

unless petitioner filed a "properly filed" application on or before December 28, 1998,[2] to toll the period of limitation, any habeas corpus petition challenging the convictions regarding receiving stolen property would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).

Petitioner indicated that he was sentenced to "20 years + 10 years", and his petition also appears to challenge a revocation proceeding on a robbery conviction which resulted in a 10 year sentence. This concerns an order of revocation filed December 2, 1997, revoking petitioner's former suspended sentence imposed on March 30, 1992 for robbery, and imposing a sentence of 10 years to run consecutive with any other sentence. Even if this petition includes a challenge to the robbery conviction, the conviction would have been final on January 1, 1998, and the limitations period would have expired on January 4, 1999.[3] No properly filed post-conviction motions were filed by petitioner in the period allowed by § 2244(d)(2). The petition filed in this court in August 2004 was more than five and a half years after the allowable time. Consequently, it must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 6th day of September, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE

---

[2] The period allowed by statute fell on December 26, 1998; however, that date fell on a Saturday and the petition was therefore due not later than the next business day, which was Monday, December 28, 1998.

[3] The period allowed by statute expired on January 1, 1999; because that date was a legal holiday the petition was due on the next business day, which was Monday, January 4, 1999.